IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 1 8 2010

GREGORY C. LANGHAM
CLERK

Civil Action No. 10-cv-01643-BNB

SHANNON SMITH,

    Applicant,

v.

GRAYSON ROBINSON, Sheriff of the County of Arapahoe, State of Colorado,

    Respondent.

---

ORDER OF DISMISSAL

---

Applicant, Shannon Smith, is a pre-trial detainee currently in the custody of the Arapahoe County Sheriff. He initiated this action by filing, through counsel, an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. He has paid the $5.00 filing fee. For the reasons stated below, the Court will deny the Application and dismiss the action.

Pursuant to a criminal conviction not at issue in this order, Mr. Smith was paroled from the custody of the Colorado Department of Corrections on January 17, 2008. Amended Application at 2. On May 13, 2009, Mr. Smith was arrested by the Aurora Police Department and charged in Arapahoe County District Court case number 09-CR-1159 with five counts related to distribution of a schedule II controlled substance, one count of a weapon possessed by a previous offender, and three habitual criminal counts. Robinson Pre-Answer Resp. at 1. On May 14, 2009, the Colorado Department of Corrections lodged a parole hold on Mr. Smith for a parole

violation. *Id.* An initial hearing was scheduled for June 12, 2009 and was continued to August 28, 2009. *Id.* Mr. Smith alleges that he has had more than three parole hearings, all of which have been continued by the Parole Board. Amended Application at 3. He alleges that his criminal case, 09-CR-1159, was set for trial in the Arapahoe County District Court on September 20, 2010. *Id.*

On March 9, 2010, Mr. Smith filed a Writ of Habeas Corpus with the Arapahoe County District Court, asserting that his continuing parole hold was illegal. DOC Pre-Answer Resp. at Ex. A. On April 29, 2010, the Arapahoe County District Court entered an order denying Mr. Smith's petition. *Id.* at Ex. B. Mr. Smith filed a Motion to Reconsider, which the Arapahoe County District Court denied. Amended Application at 5. On May 27, 2010, Mr. Smith filed a Petition for Writ of Mandamus with the Colorado Supreme Court. DOC Pre-Answer Resp. at Ex. C. The Colorado Supreme Court entered an order denying the Petition for Writ of Mandamus on June 7, 2010. *Id.* at Ex. D.

Mr. Smith then filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 in this Court on July 12, 2010. On July 16, 2010, Magistrate Judge Boyd N. Boland reviewed the Application and determined that the claims Mr. Smith was raising must be asserted pursuant to 28 U.S.C. § 2241 because the claims called into question the execution, and not the validity, of Mr. Smith's sentence and underlying conviction. *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000). Accordingly, Magistrate Judge Boland directed Mr. Smith to file an Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, which Mr. Smith filed on August 13,

2010.

On August 17, 2010, Magistrate Judge Boland directed Respondent to file a pre-answer response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). Respondent Colorado Department of Corrections filed a pre-answer response on September 7, 2010 ("DOC Pre-Answer Resp."). Respondent Sheriff Grayson Robinson also filed a pre-answer response on September 7, 2010 ("Robinson Pre-Answer Resp."). Applicant has not filed a reply within the time provided.

Mr. Smith asserts one claim in the Amended Application. He alleges that he has been incarcerated due to the parole hold since May 13, 2009 and therefore that he has been held beyond a reasonable time, in violation of his due process right. Mr. Smith alleges that his continuing parole hold is illegal and should be terminated immediately.

Respondent Department of Corrections asserts that Mr. Smith has failed to exhaust this claim because Mr. Smith filed a Petition for a Writ of Mandamus with the Colorado Supreme Court instead of filing a direct appeal to that court. DOC Pre-Answer Resp. at 3-5. Respondent Robinson asserts that Mr. Smith has failed to exhaust this claim because he failed to present it as a federal constitutional claim to the state courts. Robinson Pre-Answer Resp. at 3-4.

Mr. Smith is required to exhaust state remedies before he may pursue his claims in a habeas corpus action in this Court. *See Wilson v. Jones*, 430 F.3d 1113, 1118 (10th Cir. 2005). Like other habeas petitioners, a § 2241 petitioner fulfills the requirement to exhaust state remedies once the issue has been "fairly presented to the

3

state courts." *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Hawkins v. Mullin*, 291 F.3d 658, 668 (10th Cir. 2002). This requirement "is satisfied if the federal issue has been properly presented to the highest state court." *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). "The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

The Court agrees that Mr. Smith failed to present his claim as a federal constitutional one to the state courts. In the Petition for Writ of Habeas Corpus that he filed in the Arapahoe County District Court and the Petition for Writ of Mandamus that he filed in the Colorado Supreme Court, Mr. Smith cited only to the Colorado Revised

state courts." *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Hawkins v. Mullin*, 291 F.3d 658, 668 (10th Cir. 2002). This requirement "is satisfied if the federal issue has been properly presented to the highest state court." *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). "The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

The Court agrees that Mr. Smith failed to present his claim as a federal constitutional one to the state courts. In the Petition for Writ of Habeas Corpus that he filed in the Arapahoe County District Court and the Petition for Writ of Mandamus that he filed in the Colorado Supreme Court, Mr. Smith cited only to the Colorado Revised

state courts." *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Hawkins v. Mullin*, 291 F.3d 658, 668 (10th Cir. 2002). This requirement "is satisfied if the federal issue has been properly presented to the highest state court." *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). "The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

The Court agrees that Mr. Smith failed to present his claim as a federal constitutional one to the state courts. In the Petition for Writ of Habeas Corpus that he filed in the Arapahoe County District Court and the Petition for Writ of Mandamus that he filed in the Colorado Supreme Court, Mr. Smith cited only to the Colorado Revised

Statutes and Colorado state cases applicable to his claims. *See* DOC Pre-Answer Resp. Ex. A at p. 1-4; Ex. C at p. 1-10. Mr. Smith did not cite to any specific provision of the federal Constitution, he did not cite to any federal case law or statute, and he did not label the claims as "federal" claims. *See Baldwin v. Reese*, 541 U.S. 27, 32-33 (2004). Mr. Smith failed to set forth any argument which would have alerted the state court to particularized claims of violations of his federal constitution rights such as those he brings in this Court. Moreover, the state courts did not recognize or treat Mr. Smith's claims as raising any federal constitutional questions. *See* DOC Pre-Answer Resp. at Ex. B; Ex. D.

In order to allow the state courts the opportunity to act on or correct the constitutional violations Mr. Smith alleges, he must do more than just invoke magic words which may possibly be interpreted to raise a constitutional claim. Instead, he must provide legal theory explaining how the decisions of the state court violated the particular federal constitutional rights he claims were violated. *See, e.g., Anderson*, 459 U.S. at 78 (claim on direct appeal that jury instruction was reversible error did not fairly present due process challenge to instruction for habeas exhaustion purposes); *Picard*, 404 U.S. at 276-77 (holding that habeas petitioner failed to fairly present federal claim to state court where, despite presenting all necessary facts, petitioner failed to assert specific argument that he later tried to raise in federal court); *see also Thomas v. Gibson*, 218 F.3d 1213, 1221 n. 6 (10th Cir. 2000) (holding that petitioner's general state court claim was insufficient to exhaust his later, more specific federal habeas claim). Accordingly, the Court finds that Mr. Smith failed to exhaust state court

remedies for his claim because he failed to raise it as asserting a violation of his federal constitutional rights. Because the Court finds that Mr. Smith has failed to exhaust his claim, the Court need not address Respondents' additional arguments. Accordingly, it is

ORDERED that the Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 is denied and the action is dismissed without prejudice for failure to exhaust. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, this __18th__ day of __October__, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01643-BNB

Gary D. Fielder
Attorney at Law
**DELIVERED ELECTRONICALLY**

Christopher W. Alber
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

Breena N. Meng
Arapahoe County Attorney's Office
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 10\18\10

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk